UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

IN RE:

| | |
|---|---|
| DANIEL FREEMAN | CASE NO. 16-12658 |
| DEBTOR | SECTION "B" |
| | CHAPTER 7 |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**NOW INTO COURT**, comes MidFirst Bank (**"MidFirst"**), appearing herein through undersigned counsel, who respectfully represents as follows:

1.

Daniel Freeman ("**Debtor**") filed a voluntary petition under Chapter 7 of Title 11, United States Code on October 27, 2016, and a Chapter 7 trustee has been appointed herein.

2.

MidFirst is the current holder and payee of a promissory note (**"Note"** herein) dated March 27, 2006 and executed by Daniel M. Freeman and Drayton B. Freeman, Jr. (non-filing co-debtor), in the original principal amount of $136,422.00, payable to First Horizon Home Loan Corporation. The Note was endorsed by First Horizon Home Loan Corporation to MidFirst Bank; and then endorsed by MidFirst Bank in Blank making it BEARER paper and MidFirst Bank is the current holder of the Note.

3.

MidFirst entered into a Loan Modification Agreement (**"Agreement"** herein) executed by Daniel M. Freeman and Drayton B. Freeman, Jr. (non-filing co-debtor), dated May 16, 2011, modifying the principal balance to the amount of $145,403.58 and changing the payment to $1,105.80 beginning July 1, 2011.

4.

The Note is secured by a Mortgage dated March 27, 2006 and executed by Daniel M. Freeman and Susan Retzer Freeman, as Intervenor, and Drayton B. Freeman, Jr. (non-filing co-debtor) and Deitra Offner Freeman, as Intervenor, on property described as**:**

ALL THAT CERTAIN PIECE OR PORTION OF GROUND, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the Parish of St. Tammany, State of Louisiana, located as follows: The East 64 feet of Lot 280 and the West 1 foot of Lot 279, North Forest S/D, Phase 2. Improvements thereon bear Municipal Address: 109 Castle Drive, Slidell, LA 70458 (**"Property"** herein). Copies of the Note, Agreement, and Mortgage are attached hereto and made a part hereof.

5.

MidFirst is the holder of a secured claim in the amount of $134,300.76, which is secured by the Property.

6.

According to the Schedules filed by the Debtor (Schedule A/B), the Property has a value of $119,000.00.

7.

The Debtor is in default under the Note and is due for the January 1, 2016 mortgage payment and all those due thereafter.

8.

The Debtor's Statement of Intention states he does not wish to reaffirm his debt but will surrender the Property.

9.

MidFirst states that there is no equity in the Property for any unsecured creditors.

10.

MidFirst services the loan on the Property referenced in this motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of MidFirst Bank. MidFirst, directly or through an agent, has possession of the promissory note. MidFirst will enforce the promissory note as transferee in possession. MidFirst is the original mortgagee or beneficiary or the assignee of the Mortgage.

11.

All communications sent by Secured Creditor in connection with proceeding against the property including, but not limited to, notices required by state law and communications to offer and provide information with regard to a potential Forbearance Agreement, Loan Modification, Refinance Agreement, Loss Mitigation Agreement, or other Loan Workout, may be sent directly to Debtor.

12.

Pursuant to 11 U.S.C. §362, MidFirst is stayed from the commencement or continuation of any court or other proceedings against the Debtor, property of the estate, and property of the Debtor. Accordingly, MidFirst is stayed from enforcement of proceedings seeking to recover the Property, and would continue to be so stayed even in the event the Property is abandoned as property of the estate, since the Property would then become property of the Debtor and would be protected by the stay provisions of 11 U.S.C. §362(a)(5).

**WHEREFORE**, applicant prays:

I. That the automatic stay provided by 11 USC § 362(a) be terminated so as to allow MidFirst Bank to proceed against the Property and against the interest of the Debtor and the Chapter 7 Trustee in the Property; and

II. For such other and further relief as is just and proper.

By Attorneys,
**KIZER, HOOD & MORGAN**, L.L.P.

By: /s/Stacy G. Butler
Stacy G. Butler, Bar Roll #18236
2111 Quail Run Drive
Baton Rouge, Louisiana 70808
Telephone: (225) 761-0001
*Attorneys for MidFirst Bank*