When Recorded Mail to:
First American Title
Attn: Loss Mitigation Title Services
PO BOX 27670
Santa Ana, CA 92799

Document Prepared by:
Patricia Edwards
MidFirst Bank
999 N.W. Grand Boulevard, Suite 100
Oklahoma City, OK 73118-6116

St. Tammany Parish 2231
Instrmnt #: 1815368
Registry #: 2072192 bdp
06/22/2011 10:50:00 AM
MB X CB     MI     UCC

Please cross-reference to: Instrument Number: 1544200, ST. TAMMANY Parish Louisiana.

## LOAN MODIFICATION AGREEMENT
### FIXED RATE LOAN

This Loan Modification Agreement ("Agreement"), made this May 16, 2011, between **DANIEL M FREEMAN & DRAYTON B FREEMAN JR** ("Borrower") and MidFirst Bank, a federally chartered savings association located at 501 N.W. Grand Blvd. Oklahoma City, OK 73118 ("Lender"), renews, amends, supplements and extends: (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") recorded 3/29/2006, in Instrument Number: 1544200, in ST. TAMMANY Parish, Louisiana, and (2) the Promissory Note (the "Note"), in the original principal amount of $136,422.00 bearing the same date and secured by, the Security Instrument and other loan documents typically referred to as "addenda" or "riders" (collectively referred to herein as the "Loan Documents"), which covers the real and personal property described in the Security Instrument, located at 109 CASTLE DRIVE, SLIDELL, LA 70458-1011, the real property described being set forth as follows:

See Exhibit "A" attached hereto and made a part hereof.

(Herein defined as "Property").

**Capitalized Amount: $16,041.93**

Page 1 of the Loan Modification Agreement
Order Number:

Borrower Initial Lines

*Please add the appropriate number of initial lines for each signatory over 4

Borrower is in default or at imminent risk of default under the Loan Documents and desires the Lender forbear from the exercise of its rights under the Loan Documents, to extend or rearrange the time and manner of repayment or payment of the Note and other obligations due to Lender under the Loan Documents and to extend and carry forward the lien(s) on the Property, whether created by the Security Instrument or otherwise. Lender, the legal holder and owner of the Note and of the lien(s) securing the same has agreed to the request of the Borrower to so forbear, to extend or rearrange the time and manner of payment of the Note and to grant certain other financial accommodations pursuant to the terms of this Agreement.

In consideration of the mutual promises and agreements exchanged, and other good and valuable consideration paid by each of the parties to the other, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree to modify, renew and extend the Note and Security Instrument and any other Loan Documents, as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument)

1. **Acknowledgement of Unpaid Principal Balance and Expenses**:

    Borrower acknowledges that as of May 16, 2011 the Borrower owes the Lender the unpaid principal balance of **$129,361.65**, plus accrued interest of **$8,408.52**, plus escrow shortage (consisting of unpaid hazard insurance, taxes and/or mortgage insurance premiums) of **$5,124.33** ("Escrows Advanced"), plus certain outstanding foreclosure attorney fees and costs of **$2,509.08**, totaling **$145,403.58** (the "Modified Principal Balance"), in addition to those other fees, charges and expenses described in Paragraph 2 hereof. The payment of the amount of $145,403.58 is being modified, renewed, and extended by the Lender and such amount is referred to as the "Modified Principal Balance". Borrower hereby renews, extends and promises to pay the Modified Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Modified Principal Balance until the full amount of the Modified Principal Balance and the other amounts due hereunder and under the Loan Documents have been paid in accordance with the terms and conditions of the Loan Documents., as modified hereby. All references in the Loan Documents to "Principal" shall be deemed to refer to the Modified Principal Balance.

2. **Acknowledgement of Unpaid Fees and Costs:**

    The Borrower agrees to remain responsible for payment of all recording fees, title examination, attorney's fees and other costs, fees and expenses of Lender incurred as a result of this modification ("Modification Fees"), as well as all other costs, fees and expenses, including outstanding late charges, now due and owing on the Loan (the "Unpaid Fees and Costs"), plus such other charges, costs, fees and expenses incurred hereafter. Modification Fees and Unpaid Fees and Costs are not included in the Modified Principal Balance but remain due and owing as part of the debt secured by the Security Instrument. Borrower agrees and acknowledges that Borrower received notice of Modification Fees and Unpaid Fees and Costs due as of a date certain prior to execution of this Agreement.

Page 2 of the Loan Modification Agreement
Order Number:

Borrower Initial Lines

*Please add the appropriate number of initial lines for each signatory over 4

3. **Interest Calculation:**

   Interest will be calculated at a fixed yearly interest rate of **5.250%**.

4. **Payment Amounts, Time of Payments And Maturity Date:**

   a. Borrower acknowledges and agrees that Borrower shall, beginning on **7/1/2011** through the Maturity Date, make monthly payments of U.S. **$802.92** for principal and interest and shall continue to make such payments in accordance with the terms and conditions set forth in the Loan Documents until the Modified Principal Balance is paid in full.

   b. An Escrow account has been established under the terms and conditions of the Note and other Loan Documents. Borrower will make an Escrow payment each month on each payment due date. The Escrow payment currently is **$302.88** per month, which is subject to change depending on the amounts attributable to taxes, insurance and other escrow items as provided herein. **The present combined Monthly Payment and Escrow Payment will be $1,105.80.** The Escrow payment will be re-analyzed from time to time in accordance with the terms of the Note and other Loan Documents to determine if there is any change in the amount due to changes in amounts due for taxes, insurance and other escrow items and said Escrow payment will be combined with the monthly payment established in Paragraph 4 herein.

   c. The Maturity Date of the Loan is extended to **6/1/2041**. If on the new Maturity Date, Borrower still owes amounts to the Lender, Borrower will pay these amounts in full on the Maturity Date.

5. **Place of Payment:**

   Borrower agrees to make payments at the following address or such other place as the Lender may require:

   Midland Mortgage Co.
   Attn: Cashiers
   P.O. 268888
   Oklahoma City, OK 73126-8888

6. **Adjustable Rate Loan Provisions:**

   If the interest rate is calculated as provided in the Note, any rate and payment adjustment provisions in the Note will apply. If the interest rate is fixed, any rate and payment adjustment provisions of the Note will not apply.

7. **Sale or Transfer of Property by Borrower:**

   a. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in the Borrower is sold or transferred if the Borrower is not a natural person) without the Lender's prior written consent, the Lender may require immediate payment in full of all sums secured by this Security Instrument without further notice or demand on the Borrower.

Page 3 of the Loan Modification Agreement
Order Number:

Borrower Initial Lines

*Please add the appropriate number of initial lines for each signatory over 4

b. If the Lender exercises this option, the Lender shall give the Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which the Borrower must pay all sums secured by the Security Instrument. If the Borrower fails to pay these sums prior to the expiration of this period, the Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on the Borrower.

8. **Compliance with Loan Documents:**

Borrower represents that, except for the payments described in paragraphs 1 and 2 above, Borrower is in full compliance with the covenants in the Loan Documents and that all of the representations and warranties contained in the Loan Documents are true, correct or satisfied as of the date hereof.

9. **Renewal and Extension:**

It is the intention of the parties that all liens and security interests described in the Loan Documents are hereby renewed and extended until the Modified Principal Balance and other obligations to Lender, have been fully paid. The Borrower and Lender acknowledge and agree that the extension, amendment, modification or rearrangement effected by this Agreement shall in no manner affect or impair the Note or the liens and security interests securing same, the purposes of this Agreement being simply to extend, modify, amend or rearrange the time and manner of payment of the Loan Documents and the indebtedness evidenced thereby, and to carry forward all liens and security interests securing the Loan Documents (including, if applicable, any and all vendor's liens securing the Loan Documents), which are expressly acknowledged by Borrower to be valid and subsisting, and in full force and effect to fully secure the payment of the Note. Borrower hereby expressly waives the benefit of any and all statutes of limitations which might otherwise inure to Borrower's benefit, or be in any way applicable to Borrower's obligations under the terms of any and all instruments described herein. Borrower further expressly waives any right of set-off or counterclaim, or any defense to the obligations of the Note or Security Instrument.

10. **No Waiver of Lender's Rights Regarding Default:**

All the rights and remedies, stipulations, and conditions contained in the Loan Documents relating to default in the making of payments under the Loan Documents shall also apply to default in the making of the modified payments hereunder. This Agreement shall in no way be deemed to be a waiver of Lender's rights and remedies by reason of any default by Borrower under the Loan Documents as herein modified, including without limitation future payment defaults, and nothing contained herein shall be deemed to be a waiver by Lender of any terms or conditions of the Loan Documents as modified herein. Nothing herein shall constitute an agreement by Lender to any future modification of the Loan Documents and Lender expressly reserves the right to refuse to agree to any future modifications.

Page 4 of the Loan Modification Agreement
Order Number: ████████

Borrower Initial 

*Please add the appropriate number of initial lines for each signatory over 4

**11. Release and Waiver of Other Claims:**

As an express inducement to Lender's agreement to this Agreement, Borrower, jointly and severally, hereby unconditionally releases Lender, its legal representatives, affiliates, subsidiaries, parent companies, agents, officers, employees, attorneys, successors and assigns (collectively the "Released Parties") from any and all claims, demands, actions, damages and causes of actions which Borrower has asserted or claimed or might now or hereafter assert or claim against all or any of the Released Parties, whether known or unknown, arising out of, related to or in any way connected with or based upon any Prior Related Event (as such term is hereinafter defined). As used herein, the term "Prior Related Event" shall mean any act, omission, circumstance, agreement, loan, extension of credit, transaction, transfer, payment, event, action or occurrence between or involving Borrower or Borrower's property and all or any of the Released Parties and which was made or extended or which occurred at any time or times prior to the execution of this Agreement, including without limiting in any respect the generality of the foregoing: (i) any action taken to obtain payment of any indebtedness or to otherwise enforce or exercise any right or purported right of Lender as a creditor of Borrower; and (ii) any payment or other transfer made to Lender by or for the account of Borrower. Borrower agrees and acknowledges that this release is not to be construed as or deemed an acknowledgement or admission on the part of any of the Released Parties of liability for any matter or as precedent upon which liability may be asserted.

**12. Bankruptcy:**

If, since inception of this loan through date of this Agreement, the Borrower has received a discharge in a Chapter 7 bankruptcy and there has been no valid reaffirmation of the underlying debt, the Lender is not attempting to re-establish any personal liability for the underlying debt by entering into this Agreement. However, the parties acknowledge that the Lender retains certain rights, including but not limited to the right to foreclose its interest in the property under appropriate circumstances. The parties agree that the consideration for this Agreement is the Lender's forbearance from presently exercising its right and pursuing its remedies under the Security Instrument as a result of the Borrower's default of its obligations thereunder.

**13. Loan Documents Remain In Full Force and Effect:**

As amended herein, the provisions of the Loan Documents shall continue in full force and effect, and Borrower acknowledges and reaffirms Borrower's liability to Lender thereunder. In the event of any inconsistency between this Agreement and the terms of the Loan Documents, this Agreement shall govern. Nothing in this Agreement shall be understood or construed to be a novation, satisfaction or release, in whole or in part, of the Loan Documents. Except as otherwise specifically provided in this Agreement, the Loan Documents will remain unchanged, and Borrower and Lender will be bound by and comply with all of the terms and provisions thereof, except as amended by this Agreement.

Page 5 of the Loan Modification Agreement
Order Number: ▮

Borrower Initial Lines

*Please add the appropriate number of initial lines for each signatory over 4

### 14. Execution of Additional Documentation:

Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

### 15. Miscellaneous:

a. Lender does not, by execution of this Agreement, waive any rights it may have against any person not a party to the Agreement.

b. If any provision in this Agreement shall to any extent be determined by a court of law to be invalid, the remainder of the Agreement shall not be affected thereby, and shall continue in full force and effect to bind the parties.

c. This Agreement may be executed simultaneously in any number of counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

d. This Agreement shall be governed by the laws of the State where the Property is located.

### 16. Effective Date:

This Agreement shall be effective upon the execution of this Agreement by Lender and Borrower

**IMPORTANT: READ BEFORE SIGNING. THE TERMS OF THIS LOAN MODIFICATION AGREEMENT, TOGETHER WITH THE LOAN DOCUMENTS AND ANY EXHIBITS AND SCHEDULES THERETO, REPRESENT THE FINAL AGREEMENT BETWEEN THE PARTIES AND CONTROL OVER ALL PRIOR NEGOTIATIONS, AGREEMENTS AND UNDERTAKINGS BETWEEN THE PARTIES WITH RESPECT TO SUCH MATTER. ONLY THOSE TERMS IN WRITING ARE ENFORCEABLE. NO OTHER TERMS OR ORAL PROMISES NOT CONTAINED IN THIS WRITTEN AGREEMENT MAY BE LEGALLY ENFORCED. THIS LOAN MODIFICATION AGREEMENT MAY BE AMENDED OR CHANGED ONLY BY AN INSTRUMENT IN WRITING EXECUTED BY THE PARTIES OR THEIR PERMITTED ASSIGNEES.**

Page 6 of the Loan Modification Agreement
Order Number: ▇▇▇▇▇▇▇

Borrower Initial Lines 

*Please add the appropriate number of initial lines for each signatory over 4

**BORROWER**

X _[signature]_     Date: 5/23/11
DANIEL M FREEMAN

_[signature]_     Witness Name Printed: Robert White
Witness Signature

_[signature: Cathy white]_     Witness Name Printed: Cathy White
Witness Signature

X _[signature]_     Date: 5/23/11
DRAYTON B FREEMAN JR

_[signature]_     Witness Name Printed: Robert White
Witness Signature

_[signature: Cathy white]_     Witness Name Printed: Cathy White
Witness Signature

**Acknowledgement**

STATE OF Louisiana ) SS:
COUNTY OF ST. TAMMANY )

On the 23 day of May, 2011, before me, the undersigned, a notary public in and for said state, personally appeared DANIEL M FREEMAN & DRAYTON B FREEMAN JR, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

In witness whereof, I hereunto set my hand and official seal.

_[signature]_
Notary Public
**VANESSA T. EDWARDS**
Printed name of notary

My Commission Expires: Commission is for Life

Parish of Residence: ST. TAMMANY
Commission Number: 15154

VANESSA T. EDWARDS
NOTARY PUBLIC, ST. TAMMANY PARISH
State of Louisiana
My Commission Expires at Death
Commission #15154

Page 7 of the Loan Modification Agreement
Order Number: ▇

**LENDER**

**MidFirst Bank, a federally chartered savings association located at 501 N.W. Grand Blvd. Oklahoma City, OK 73118**

_[signature]_          _[signature]_
Vice President, MidFirst Bank, a federally chartered     Witness #1
savings association located at 501 N.W. Grand Blvd.
Oklahoma City, OK 73118

Jason Lane
Printed Name

Tamera L Robertson
Witness #1 Printed

_[signature]_
Witness #2

Lynn R. McCartt
Witness #2 Printed

## Acknowledgement

STATE OF OKLAHOMA )
                            ) SS:
COUNTY OF OKLAHOMA )

On the 31 day of May, 2011, before me, the undersigned, a notary public in and for said state, personally appeared Jason Lane, who acknowledged himself/herself/themselves to be a Vice President of MidFirst Bank, and who is personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity as Vice President of MidFirst Bank, and that by his/her/their signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

In witness whereof, I hereunto set my hand and official seal.

_[signature]_ Beverly Grider
Notary Public
Beverly Grider

Printed name of notary

County of Residence: Cleveland

My Commission Expires: _____

_[Notary seal: BEVERLY GRIDER NOTARY #11003320 EXP. 04/12/15 STATE OF OKLAHOMA PUBLIC]_

Page 8 of the Loan Modification Agreement
Order Number: ▇▇▇▇

**Exhibit "A"**

ALL THAT CERTAIN PIECE OR PORTION OF GROUND, TOGETHER WITH ALL THE BUILDINGS AND IMPROVEMENTS THEREON, AND ALL THE RIGHTS, WAYS, PRIVILEGES, SERVITUDES, APPURTENANCES AND ADVANTAGES THEREUNTO BELONGING OR IN ANYWISE APPERTAINING, SITUATED IN THE PARISH OF ST. TAMMANY, STATE OF LOUISIANA, LOCATED AS FOLLOWS: THE EAST 64 FEET OF LOT 280 AND THE WEST 1 FOOT OF LOT 279, NORTH FOREST S/D, PHASE 2.

Page 9 of the Loan Modification Agreement
Order Number: